NORTH BERGEN BOARD OF EDUCATION v. ALBERT JAEGER ET AL.

Submitted July 5, 1901—Decided November 11, 1901.

1. The specifications annexed to and made a part of a contract for a steam heating apparatus provided that "the contractor is to guarantee that the apparatus will be ample to warm all the rooms in which radiators are placed to seventy degrees in zero weather, with not over five pounds per square inch on the boiler." *Held,* that by the execution of this contract the contractor guaranteed this result.

2. A jury found specially that the above-mentioned apparatus had been constructed according to the plans and specifications and that it was not ample for the production of the above result; it also found how much money would suffice to make it so. Upon the coming in of this *postea*—*Held,* that judgment for such sum be given for the plaintiff.

On rule to show cause, also motion for judgment.

An action for a breach of covenant was brought by the North Bergen board of education against Jaeger, as principal, and Libelli and Carson, as sureties. The instrument upon which the breaches were assigned was a bond excuted by the three defendants, the condition of which was that Jaeger should perform a certain contract for the construction of a steam heating apparatus according to plans and specifications annexed thereto and made a part thereof. The specifications contained the following:

"*Guarantee.*—The contractor is to guarantee that the apparatus will have a complete and perfect circulation through-out with one pound pressure indicated on the boiler. That the apparatus will be ample to warm all the rooms in which the radiators are placed to 70 degrees in zero weather with not over five pounds per square inch on the boiler. That the apparatus will be steam and water tight and free from all noise of any kind."

Upon the completion of the work Jaeger was paid the contract price by the plaintiff, who then brought this action

against Jaeger and his sureties who had joined in the bond for the performance of his contract. The breach set up was that the apparatus was not ample to warm the rooms in the manner guaranteed by the contractor.

At the trial the jury was directed to answer special questions submitted by the trial court. These questions were:

"*First.* Did the contractor furnish the heating apparatus specified in the contract?

"*Second.* Was the heating apparatus specified in the contract ample to warm all the rooms in which the radiators are placed to seventy degrees in zero weather, with not over five pounds per square inch on the boiler, provided the building was in proper condition?

"*Third.* If not, how much money would suffice to make it so?"

As returned in the *postea,* the answers to these questions were:

"That the said defendant Albert C. Jaeger did construct a steam heating apparatus for the school-house known as No. 3, together with the addition thereof, in New Durham, in the township of North Bergen, and did furnish the materials therefor, according to the plans and specifications for the said addition, made and prepared by Emil Guhl, architect, for the steam heating apparatus, with combination covering, which specifications were annexed to the contract, a copy of which is Schedule B of the plaintiff's declaration, and which plans were signed by the parties thereto and made a part thereof, and that the said heating apparatus so specified was not ample to warm all the rooms in which the radiators were placed to seventy degrees in zero weather, with not over five pounds per square inch on the boiler, provided the building was in proper condition; but whether or not the condition of the writing obligatory, a copy of which is Schedule A of the plaintiff's declaration, was thereby broken, the said jurors are altogether ignorant and thereupon pray the advice of the Supreme Court; and if upon the whole case the said court shall be of opinion that the said condition of the said writing obligatory was thereby broken, then they so find, and in that case they assess

the damages of the said plaintiff against the said defendant, by reason of such breach, at the sum of two hundred and eighty-six dollars and fifty cents over and above the plaintiff's costs and said charges in this behalf expended, and for those costs and charges six cents; and if upon the whole case the said court shall be of opinion that the condition of the said writing obligatory was not thereby broken, then they so find, and therefore find that the defendant Albert Jaeger fully performed the contract recited in said writing obligatory."

Motion is now made by each party for leave to enter judgment upon this *postea.* The defendant also moved for a new trial, upon grounds which resolve themselves into three, viz.:

1. That the verdict was against the weight of the evidence.

2. That Jaeger did not contract that the apparatus should heat the rooms as per the specifications, but that he only agreed that he would so contract.

3. The verdict shows that the performance of the work specified would not produce the result specified, hence there was no breach.

Before DEPUE, CHIEF JUSTICE, and Justices DIXON, GARRISON and COLLINS.

For the plaintiff, *McEwan & McEwan.*

For the defendants, *Weller & Lichtenstein.*

The opinion of the court was delivered by

GARRISON, J. The special findings were not against the weight of the evidence. The construction of the written contract is a court question. Upon the case before us it is clear that Jaeger entered into some contract with respect to every portion of the specifications; hence, under the clause headed "Guarantee," he either guaranteed the results therein stated or he contracted so to guarantee. For the purposes of the present action no distinction can be drawn. Where there is no statutory objection and no controlling indication that a separate and more formal contract was mutually contemplated

42 NEW JERSEY SUPREME COURT.

Hartkorn v. Pat. & Pas. Gas & Elec. Co. 67 *N. J. L.*

by the parties, an agreement to do a certain thing and an agreement to agree to do it are legally identical. *7 Am. & Eng. Encycl. L. (2d ed.)* 141.

Jaeger's contract must be deemed to be co-extensive with the guarantee clause of the specifications.

The remaining point was treated as if it raised the question whether a contract that is impossible of performance is susceptible of being broken. If the present contract was such an one, the position of the defendants would not be materially benefited. *School Trustees* v. *Bennett, 3 Dutcher* 513.

It is, however, scarcely correct to regard the performance of this guarantee an impossibility; it is certainly inadmissible so to regard it upon this *postea,* which shows the precise cost of performing it. The distinction is both plain and practical; to guarantee that an engine shall run without motive power may be treated as an impossible undertaking, while to agree that it shall run on ninety per cent. of the needed power is merely to expose one's self to the cost of furnishing the additional ten per cent. of power. Upon none of the grounds urged should the rule to show cause be made absolute.

This disposition of the motion for a new trial leaves the motion for judgment free from doubt or difficulty. Judgment will be given for the plaintiff for the sum mentioned in the special verdict.